**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

ADRIAN GIBSON, # 410805,

        Petitioner,

v.                                                        Case Number 10-CV-13364
                                                           Honorable Arthur J. Tarnow

LINDA TRIBLEY,

        Respondent.
                                                /

**OPINION AND ORDER DENYING PETITIONER'S REQUEST**
**FOR THE APPOINTMENT OF COUNSEL**

**I.    INTRODUCTION**

On August 24, 2010, Petitioner filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. Pending before the Court is his letter requesting that the Court appoint counsel. The Court construes Petitioner's letter as a motion for the appointment of counsel. For the reasons stated below, Petitioner's request is denied without prejudice.

**II.    DISCUSSION**

    **A.    The motion for the appointment of counsel.**

There is no constitutional right to counsel in habeas proceedings. *Tapia v. Lemaster*, 172 F. 3d 1193, 1196 (10th Cir. 1999). The decision to appoint counsel for a federal-habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require. *Mira v. Marshall*, 806 F. 2d 636, 638 (6th Cir. 1986). "Habeas corpus is an extraordinary remedy for unusual cases" and the appointment of counsel is therefore required only if, given the difficulty of the case and the petitioner's ability, the petitioner could not obtain justice without an attorney, he could not obtain a lawyer on his own, and he would

have a reasonable chance of winning with the assistance of counsel. *See Thirkield v. Pitcher,* 199 F. Supp. 2d 637, 653 (E.D. Mich. 2002). The exceptional circumstances justifying the appointment of counsel to represent a prisoner acting *pro se* in a habeas action occur where a petitioner has made a colorable claim but lacks the means to adequately investigate, prepare, or present the claim. *Johnson v. Howard*, 20 F. Supp. 2d 1128, 1129 (W.D. Mich. 1998).

Appointment of counsel in a habeas proceeding is mandatory only if the district court determines that an evidentiary hearing is required. *Swazo v. Wyoming Dept. of Corrections State Penitentiary Warden*, 23 F. 3d 332, 333 (10th Cir. 1994). If no evidentiary hearing is necessary, the appointment of counsel in a habeas case remains discretionary. *Satter v. Class*, 976 F. Supp. 879, 885 (D.S.D. 1997).

In the present case, Petitioner has filed a ninety-seven-page habeas petition. Petitioner has raised three different claims for relief in his petition. In the brief in support of the petition for writ of habeas corpus, Petitioner cites to federal and state cases, as well as federal and state court rules and statutes. Petitioner has also attached exhibits to his petition for writ of habeas corpus. The Court therefore finds that Petitioner has the means and the ability to present his claims to the Court. Furthermore, until Respondent files her response and the necessary Rule 5 materials, the Court is unable to determine whether an evidentiary hearing is necessary or required. Thus, the interests of justice at this point in time do not require appointment of counsel. 18 U.S.C. § 3006A(a)(2)(B); 28 U.S.C. foll. § 2254, Rules 6(a) and 8(c).

Accordingly, Petitioner's motion will be denied without prejudice. However, the motion will be reconsidered if, following receipt of the Rule 5 materials, the Court determines, after a careful review of those materials, that appointment of counsel is necessary. Petitioner need not

file any further motions.

## III. ORDER

Accordingly, Petitioner's motion for the appointment of counsel [dkt. # 7] is **DENIED WITHOUT PREJUDICE.**

**SO ORDERED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
Senior United States District Judge

Dated: December 29, 2010

I hereby certify that a copy of the foregoing document was served upon parties/counsel of record on December 29, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary